UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSE J. STEWART, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CHARLES DANIELS, et al., )<br>)<br>Defendants. ) | Case No. 2:15-cv-00309-JMS-WGH |

**Entry Granting Motion to Proceed *In Forma Pauperis*, Dismissing Complaint, and Directing Further Proceedings**

### I.     Motion to Proceed *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 5] is **granted.** It is not feasible to assess an initial partial filing fee at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

### II.     Motion to Amend

The plaintiff's motion to amend [dkt. 4] is **granted** to the extent that the claim for relief of costs and attorney fees, if any, and the jury demand are noted.

### III.     Screening

The plaintiff is a federal prisoner incarcerated at the Terre Haute USP. He alleges that this lawsuit is brought under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He alleges violations of his Fourth, Fifth, and Eighth Amendment rights. The plaintiff also alleges that his claims are brought under the Little Tucker Act, 28 U.S.C. § 1491(a)(1), and the Indiana Tort Claims Act.

The plaintiff names as defendants: 1) Warden Charles Daniels; 2) One Unknown Corrections Officer; and 3) Richard W. Schott, Regional Counsel of the Bureau of Prisons ("BOP").

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The plaintiff alleges that on April 13, 2015, an unknown corrections officer unlocked the combination lock on the plaintiff's locker in his cell and told another inmate that he could have everything that was in the locker. The plaintiff was in the hospital at the time. He alleges this was done without his permission and without notice. The property given away included clothing, postage stamps, and commissary items, all valued at $228.29.[1] He alleges that the defendants have refused to compensate him for the property. He seeks judgment in that amount, plus interest and costs.

1. *Bivens* Constitutional Claims

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that *Bivens* created a remedy against federal officers acting under color of federal law analogous to the Section 1983 action against state officials).

---

[1] It is notable that the plaintiff seeks relief totaling less than the amount of the filing fee for this case. By filing this action, he has assumed a debt greater than his potential greatest recovery.

The plaintiff's constitutional claims may only be asserted against the federal actors who personally participated in the alleged wrongdoing. "[A] defendant cannot be liable under *Bivens* on the basis of respondeat superior or supervisory liability, rather, there must be individual participation and involvement by the defendant." *Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011). There are no allegations of personal participation asserted against defendants Warden Daniels or Richard Schott. Thus, any *Bivens* claims are **dismissed** as to these two defendants for failure to state a claim upon which relief can be granted.

The plaintiff does not identify the individual who allegedly gave away his property. Any claim asserted against the "one unknown corrections officer" is **dismissed** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). More importantly, however, the constitutional claims against the officer, even if he were later identified through discovery, must be dismissed on the merits as discussed in the following paragraphs.

Any Fourth Amendment claim must be **dismissed** for failure to state a claim upon which relief can be granted because a prison inmate has "simply no reasonable expectation of privacy in his prison cell that would protect him under the Fourth Amendment from unreasonable searches and seizures of his property." *King v. McCarty,* 781 F.3d 889, 899 (7th Cir. 2015).

There are no facts alleged in the complaint that support a violation of the plaintiff's Eighth Amendment rights to avoid "cruel and unusual punishment," so that claim must also be **dismissed** for failure to state a claim upon which relief can be granted.

The plaintiff's Fifth Amendment due process claim based on the alleged taking of his property is **dismissed** for failure to state a claim upon which relief can be granted because the

prison grievance process and the Federal Tort Claims Act ("FTCA") provide adequate postdeprivation remedies to challenge the seizure of property. *See Jones v. Burton,* 173 Fed.Appx. 520, 522 (7th Cir. March 29, 2006) (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). "The adequacy of a postdeprivation remedy does not turn on the plaintiff's satisfaction with the outcome." *Id. See also Mitchell v. U.S.,* 215 F.3d 1330 (Table), 2000 WL 566746 (7th Cir. May 9, 2000) (a postdeprivation remedy exists under the FTCA).

   *2. Tucker Act Claims*

The Tucker Act, codified at the citation identified in the complaint, 28 U.S.C. § 1491(a)(1), grants the Court of Federal Claims exclusive jurisdiction for damage claims against the United States which exceed $10,000. The plaintiff's claim is for $228.29. The "Little Tucker Act" is codified at 28 U.S.C. § 1346(a)(2) and it confers jurisdiction on district courts for claims against the United States not exceeding $10,000. The Little Tucker Act, however, does not confer jurisdiction over claims sounding in tort. 28 U.S.C. § 1346(a)(2) (conferring jurisdiction on district courts for civil claims against the United States "in cases not sounding in tort"). Therefore, the plaintiff's conversion tort claim under The Little Tucker Act is **dismissed** for failure to state a claim upon which relief can be granted.

*3. Indiana Tort Claims Act*

To the extent the plaintiff seeks to bring only a state law tort claim of conversion under the Indiana Tort Claims Act, this Court lacks subject matter jurisdiction.

This lawsuit could be construed as a suit under the Federal Tort Claims Act [FTCA] . . . which "permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). The plaintiff has not raised the FTCA, however, as a source of remedy for his claim. He may not have asserted a claim under the FTCA because he did not file the proper administrative claims before bringing this action. In addition, the only proper defendant in an action brought pursuant to the FTCA is the United States itself. *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982). The United States is not included as a defendant in this case. The failure to name the appropriate defendant requires the dismissal of any potential FTCA claim. *See Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue").

## IV. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. The plaintiff shall have **through December 1, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: _November 2, 2015_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jesse J. Stewart
#08673-030
Terre Haute USP
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808