**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

JESSE J. STEWART, Plaintiff,

v. Case No. 2:15-cv-00309-JMS-WGH

CHARLES DANIELS, et al., Defendants.

**Entry Dismissing Amended Complaint and Directing Entry of Final Judgment**

The complaint filed on October 6, 2015, alleges that while the plaintiff was hospitalized and having surgery in April of 2015, an unknown correctional officer unlocked his prison locker and allowed another inmate to have all of the plaintiff's property valued at $228.29. He alleges that the defendants violated his rights under The Tucker Act, The Little Tucker Act, the Indiana Tort Claims Act, and several constitutional amendments under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In its Entry of November 2, 2015, the Court discussed each of the plaintiff's theories and named defendants, and concluded that the complaint failed to state a claim upon which relief can be granted. The plaintiff was given an opportunity to show cause why the action should not be dismissed.

The plaintiff has timely filed a response and an amended complaint, however, he merely repeats the same claims in those filings. He argues that the Warden has a contract with the plaintiff, as set forth in Bureau of Prison ("BOP") policies, to protect his personal property as long as he used a combination lock on his locker. This contention does not change any of the Court's analyses of the plaintiff's claims because there is no actual contract between the Warden and the plaintiff, and violations of regulations or policies do not rise to the level of a *Bivens* violation. *See generally*

*Bradich ex rel. Estate of Bradich v. City of Chicago*, 413 F.3d 688, 690 (7th Cir. 2005) (the violation of policy is not an independent violation of the Constitution); *Gregory v. Chamness*, 2013 WL 6230019 (S.D. Ill. Dec. 2, 2013) ("The violation of a Bureau of Prisons policy does not, by itself, constitute a constitutional violation actionable under *Bivens*, which only permits suits for constitutional violations.").

The plaintiff has not shown that the Court's analysis was incorrect nor has he provided any legally sufficient basis for allowing his claims to proceed. Therefore, for the reasons set forth in the Entry of November 2, 2015, the complaint and amended complaint are **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. This dismissal counts as a **strike** pursuant to 28 U.S.C. § 1915(g). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: November 24, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jesse J. Stewart
#08673-030
Terre Haute USP
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808