UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSE J. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-00309-JMS-WGH |
| | ) |
| CHARLES DANIELS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Additional Post-Judgment Motions**

### I. Motion to Reconsider

The plaintiff's motion to reconsider the dismissal of his due process claim [dkt. 13] under Rule 59(e) is **granted in part and denied in part,** such that the dismissal has been reconsidered, but such reconsideration does not lead to a change in the ultimate dismissal of that claim. "To prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). Rule 59(e) provides "extraordinary remedies reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & NW Ind.,* 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

The plaintiff's due process claim was dismissed in the Entry of November 2, 2015. In that Entry, the Court explained:

> The plaintiff's Fifth Amendment due process claim based on the alleged taking of his property is **dismissed** for failure to state a claim upon which relief can be granted because the prison grievance process and the Federal Tort Claims Act ("FTCA") provide adequate postdeprivation remedies to challenge the seizure of property. *See Jones v. Burton,* 173 Fed.Appx. 520, 522 (7th Cir. March 29, 2006) (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). "The adequacy of a postdeprivation remedy does not turn on the plaintiff's satisfaction with the

outcome." *Id. See also Mitchell v. U.S.,* 215 F.3d 1330 (Table), 2000 WL 566746 (7th Cir. May 9, 2000) (a postdeprivation remedy exists under the FTCA).

The Court **amends its Entry of November 2, 2015, by acknowledging that** although the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b)(1), permits an action against the United States for negligent or intentional acts committed by its employees during the course of their employment, the FTCA is not a remedy for "[a]ny claim arising in respect of ... the detention of any good, merchandise, or other property by any officer of customs or excise or any other law enforcement officer...." 28 U.S.C. § 2680(c); *see also Ali v. Federal Bureau of Prison, 552 U.S. 214, 228 (2008); On-Site Screening, Inc. v. United States, 687 F.3d 896, 896 (7th Cir. 2012).* A claim for the loss of personal property against a prison officer is excepted from and would not be cognizable under the FTCA. *Id.* Therefore, under the circumstances of this case, the FTCA would not be a post-deprivation remedy. *See Hoskins v. Craig,* 2013 WL 675734 (S.D.Ill. Feb. 25, 2013) (although FTCA claim not available as a remedy, there is an adequate remedy through the BOP's Administrative Remedy Program, 31 U.S.C. §§ 3723-24).

The plaintiff's second Response to Show Cause, filed on December 11, 2015, is identical to the Response to Show Cause he filed on November 19, 2015, with the exception of the exhibits that are attached thereto. One exhibit is a Small Claims for Property Damage or Loss that the plaintiff filed under 31 U.S.C. § 3723. This demonstrates that the plaintiff had and utilized an adequate remedy through the BOP's Administrative Remedy Program, 31 U.S.C. §§ 3723-24, which precludes a *Bivens* claim. A small claim can be presented to the agency for damages cause by negligent **a**cts of federal law enforcement officers under section 3723, and a claim under section 3724 allows the Attorney General to settle claims for losses caused by law enforcement personnel. *Id.* Section 3723 and 3724 procedures constitute adequate post-deprivation remedies which bar a *Bivens* due process claim. *See Hurst v. Snider,* 530 Fed.Appx. 168, 169 (3d Cir. 2013).

In sum, the Court has reconsidered the basis for its dismissal of the plaintiff's due process claim, and although the FTCA would not provide a post-deprivation remedy, the BOP Administrative Remedy Program is an adequate post-deprivation remedy, and therefore, the due process claim was properly dismissed.

## II.     Second Motion to Supplement

The plaintiff's second motion to supplement his response to show cause order [dkt. 14] is **denied** because it is identical to the motion to supplement filed on December 1, 2015, which was denied because it relied on a case that has no bearing on the facts of this case.

**IT IS SO ORDERED.**

Date:  December 23, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jesse J. Stewart, #08673-030, Terre Haute USP, Inmate Mail/Parcels, P. O. Box 33, Terre Haute, IN 47808